UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONALD RAY ACHORD, SR., <br> TDCJ # 00700178, <br><br> Petitioner, <br> VS. <br><br> LORIE DAVIS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:18-CV-0105 |

## MEMORANDUM OPINION AND ORDER

Petitioner Donald Ray Achord, Sr., is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse parole decision (Dkt. 1). Achord proceeds *pro se* and has paid the filing fee. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.    BACKGROUND**

Achord is currently imprisoned at TDCJ's LeBlanc Unit serving a life sentence for murder, Case No. 93-CR-1354, 122nd District Court of Galveston County. *See* TDCJ Offender Information Details, https://offender.tdcj.texas.gov/OffenderSearch (last visited June 28, 2018). His petition does not challenge his conviction or sentence. Rather, he challenges a 2017 decision by the Board of Pardons and Paroles (the "Board"), made when he was incarcerated at the Stringfellow Unit in Brazoria County, to deny him

parole. TDCJ's online records state that the Board denied parole on July 21, 2017, for the following reason:

> **2D    NATURE OF OFFENSE**—The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.

*See id*. (information available by accessing "Parole Review Information" link). The site indicates that Achord's next parole review date is July 2020 (*id*.).[1]

Achord filed a state habeas application challenging the parole decision, WR-88,018-01. On February 28, 2018, the Texas Court of Criminal Appeals denied habeas relief without written order.

In his federal petition, Achord brings the following claims regarding the Board's 2017 decision: (1) the Board violated his due process rights in connection with his "individual treatment plan," with which Achord maintains he has complied; (2) the Board violated his due process rights when it failed to give him thirty-days' notice of his review date; and (3) the parole process should be "fair" under the due process clause (Dkt. 1, at 6-7, 11-15). Achord seeks a "proper review" of his parole application and "to be released on parole" (*id*. at 13, 14).

---

[1] In two places on his petition, Achord indicates that he is challenging a revocation, rather than a denial, of parole. *See* Dkt. 1, at 2 (indicating on checkbox that the petition challenges a parole revocation proceeding); *id*. at 5 (completing portion of form petition pertaining to parole revocation and stating that parole was revoked at the Stringfellow Unit on June 9, 2017). However, TDCJ's records demonstrate that parole was **denied** on July 21, 2017. Moreover, the narrative portions of the petition confirm that Achord complains of the decision by the Board to deny him parole, rather than to revoke parole.

## II. THE PETITION IS WITHOUT MERIT

Achord complains that he was denied early release from prison without due process. There are two ways in which a Texas inmate becomes eligible for early release from imprisonment. The first is by "parole" and the second is by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id*. § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* § 508.147(a). *See Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007).

Achord is not eligible for mandatory supervision because he has a prior felony conviction for murder. *See* TEX. GOV'T CODE § 508.149(a)(2) (excluding felons convicted of first or second degree murder from eligibility for mandatory supervision). Therefore, this case concerns only Achord's claim that he was denied discretionary parole without due process.

Prison inmates are entitled to protection under the Due Process Clause only when an official action infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The United States Supreme Court has recognized that

the states have no duty to establish a parole system and that there is no constitutional right to be released on parole before the expiration of a valid sentence. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (explaining that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 11 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process"). Thus, the Due Process Clause does not include a right to parole.

Likewise, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). As a result, it is well settled that, even when a Texas inmate is eligible for discretionary parole, the inmate has "no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015) ("even if the parole board considered unreliable or even false information . . . in making its parole determinations, this simply does not assert a federal constitutional violation") (internal citation, quotation marks, and alterations omitted) (quoting *Johnson*, 110 F.3d at 308).

Absent a protected liberty interest in attaining parole, Achord cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to

relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because Achord's habeas petition lacks an arguable basis in law, it must be dismissed.

## III. **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition filed by Donald Ray Achord, Sr., is **DENIED** and this case is **DISMISSED** with prejudice.
2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of June, 2018.

George C. Hanks Jr.
United States District Judge